## SPENCER, Plaintiff-Appellee, v. THE NEWS PUBLISHING COMPANY, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County

No. 3929. Decided February 3, 1947.

Iddings, Jeffrey, Weisman & Rogers, Dayton, Raglan R. Reid, Columbus, for plaintiff-appellee.

Frank C. Shearer, Columbus, for defendant-appellant.

482

## OPINION

By THE COURT:

This is an appeal on questions of law from the Court of Common Pleas of Franklin County, Ohio. The action was one for damages for libel arising out of a series of articles published by the appellant in its weekly newspaper styled "The Ohio State News", between November 25, 1944, and February 17, 1945.

The case was tried to a jury which returned a verdict for the plaintiff in the sum of $3500.00.

The first error assigned is that the trial Court erred in the admission of evidence over the objection of the defendant. The objection referred to is the admitting in evidence of the entire issues of the newspapers which contain the articles complained of. Counsel for the defendant contends that these articles should have been clipped from the newspapers and only the articles themselves admitted into evidence. We are referred to 17 O. Jur. page 164, which holds that irrelevant matters must be excluded. We do not believe these exhibits to be irrelevant, for in an action of this kind it is relevant for the Court and jury to know not only the contents of the printed article, but its position in the newspaper with reference to the total number of pages contained in that particular edition and its location on a particlular page. The trial Court at the time of admitting these exhibits very properly directed the jury to disregard the contents of these various newspapers except as to the articles concerning the appellee. We find no error in the admission of this evidence.

The second assignment of error is that the trial Court erred and abused its right of discretion in refusing to permit the defendant to file an amended answer at the opening of the case. The record discloses that more than one year elapsed between the filing of the petition and the commencement of the trial. It shows further, material differences between the original answer and that tendered by the appellant after the jury had been impanelled and sworn. It raised new issues of which the appellee could not have known and was not prepared to meet. Sec. 11363 GC very properly permits an amend-

ment of pleadings "in furtherance of justice and in the sound discretion of the Court". The trial Court stated that to permit the proposed amendment would not be in furtherance of justice, and overruled the appellant's motion. Counsel is relying upon the case of Buckeye Garage & Sales Co. v Caldwell, 18 O. C. C. (N. S.), 429, which we find on the basis of the facts involved has no application to this case. In our opinion there was no abuse of discretion on the part of the trial Court.

The third assignment of error is that the trial Court erred in refusing to charge the jury as requested by the defendant on the subject of truth as a defense. The record shows that counsel for the appellant after the Court had completed its charge specifically requested that the Court charge the jury upon the subject of truth as a defense, which motion the Court overruled upon the ground that truth was not pleaded as a defense.

The Ohio cases cited by appellant's counsel recite the well known rule that truth is a matter of defense in a libel action, and it is so provided in §11342 GC. The answer filed by the appellant does not plead truth as a defense but is in the nature of a general denial.

An examination of the entire charge of the Court reveals that the Court properly charged the jury under the pleadings and evidence on the question of truth. The jury was instructed that the truth of the alleged statements may be considered for the purpose of mitigating the damages. We find this assignment of error is not well taken.

The next assignment of error is that the verdict was excessive and should have been set aside for the reason that it appears to have been given under the influence of passion or prejudice. We find nothing in the record to support this conclusion.

The last assignment of error is that the Court erred in its charge to the jury as to damages. The appellant is contending that the Court, to the prejudice of the defendant, over-emphasized the word "damages" 'and used it so constantly as to be repetitious. We have thoroughly examined the entire charge and find that there is no merit in this assignment. The Court did give a lengthy charge, which was thorough and correctly stated the law of this state. The word was used only as the record in this case required.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.